IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ROBERT C. HUMPLE,

        Plaintiff,

v.                                       CIVIL ACTION NO.   2:13-cv-14618

DAVID BALLARD, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Plaintiff Robert C. Humple, II, an inmate at the Mount Olive Correctional Complex ("prison") in Mount Olive, West Virginia, filed a pro se Complaint and, later, a supplemental Complaint (collectively, "amended Complaint"), which the Court construes as alleging constitutional claims arising under 42 U.S.C. § 1983. [ECF 1, 22.]

By Standing Order entered on April 8, 2013, and filed in this case on June 24, 2013, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation (PF&R) pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Tinsley filed a PF&R on July 31, 2014 [ECF 51].   In that filing, the magistrate judge recommended that this Court grant in part and deny in part Defendants' motions to dismiss the amended Complaint [ECF 47].

The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The Court is not, however, required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to

which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a petitioner "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections to the PF&R were due September 12, 2014. To date no objections have been filed.

The Court concurs with the findings and recommendations contained in the PF&R, with one exception: the Court disagrees with the finding that Plaintiff has not plausibly stated a First Amendment or Equal Protection violation under the pleading standards articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court is required to construe pro se complaints liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Plaintiff has alleged that, after he had been restrained in a chair and was "defenseless," Defendant Hilewitz said to Plaintiff, "[t]his is what you retarddit [sic] Hare Krishna's get." (ECF 1 at 3.) Plaintiff further alleges that Hilewitz then struck Plaintiff three times in the head. (*Id.*) Plaintiff alleges that two of the blows landed in Plaintiff's face and the third to the back of Plaintiff's head. (*Id.*) Plaintiff stated that he suffered a "busted nose" and bleeding in his mouth. (*Id.*) According to the Complaint, after the alleged assault, Defendant Hilewitz left the room.

(*Id.*)   Plaintiff then describes discussing the assault with a Captain Williams and filing a grievance through the prison grievance system.

To prove a claim of retaliation under the First Amendment, a plaintiff "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right."  *Morton v. Sheeley*, 3:12-CV-122, 2014 WL 3700011 (N.D. W. Va. July 24, 2014) (Groh, J.) (citing *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994)).

To state a Fifth Amendment claim for violation of equal protection, a plaintiff must allege facts sufficient to show that he was treated differently from other 'similarly situated' inmates and the 'unequal' treatment resulted from either intentional or purposeful discrimination."  *Godbey v. Wilson*, 1:12CV1302 TSE/TRJ, 2014 WL 794274 (E.D. Va. Feb. 26, 2014) (quoting *Harrison v. Watts*, 609 F.Supp.2d 561, 567 (E.D. Va.2009) (citing *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001)).

The Court finds that Plaintiff has alleged adequate factual content to allow the Court to draw the reasonable inference that Defendant Hilewitz is liable for the misconduct alleged and that this misconduct plausibly implicates Plaintiff's rights under the First Amendment and the Equal Protection Clause of the Fifth Amendment.   Of course, whether Plaintiff can prove the merits of these claims is another matter that is not decided here.

Accordingly, the Court **ADOPTS** the PF&R [ECF 51] to the extent that it is consistent with this Opinion.   The Court **DENIES IN PART** and **GRANTS IN PART** Defendants' motion to dismiss [ECF 47].   The motion to dismiss is **DENIED** with regard to Plaintiffs' Eighth Amendment excessive force claim and the First and Fifth Amendment claims against Defendant Jeffrey Hilewitz; the Court **GRANTS** the motion to dismiss with regard to all other claims alleged

3

in the amended Complaint, including all claims against Defendant David Ballard. The Court **RE-REFERS** this case to United States Magistrate Judge Tinsley for further pre-trial management and submission of proposed findings and recommendations.

    **IT IS SO ORDERED**.

    The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

    ENTER:    September 16, 2014

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE