IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

ROBERT C. HUMPLE,

      Plaintiff,

v.                                    Case No. 2:13-cv-14618

JEFFREY HILEWITZ,

      Defendant.

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for initial proceedings and submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court is the defendant's Motion to Dismiss (ECF No. 59) and the defendant's Motion for Summary Judgment (ECF No. 62). For the reasons stated herein, it is respectfully **RECOMMENDED** that the defendant's Motion to Dismiss (ECF No. 59) be **DENIED**. However, it is further respectfully **RECOMMENDED** that the defendant's Motion for Summary Judgment (ECF No. 62) be **GRANTED**.

## RELEVANT PROCEDURAL HISTORY

On June 17, 2013, the Clerk's Office received a document entitled "Notice of Intention/Complaint" (ECF No. 1), which was treated as a Complaint under 42 U.S.C. § 1983. The initial Complaint document named David Ballard, the Warden at the Mount Olive Correctional Complex (hereinafter "MOCC"), and Jeffrey Hilewitz, a former Correctional Officer at MOCC, as the defendants. The initial Complaint alleged that, on

March 11, 2013, the plaintiff was assaulted by defendant Hilewitz, after having been placed in a mechanical restraint chair by Hilewitz, and other MOCC staff, including 10-12 John Does. (ECF No. 1 at 2-3). The plaintiff alleges that, after all other staff had left the room, defendant Hilewitz made discriminatory comments about the plaintiff's Hare Krishna religion and struck him three times about his head and face. (*Id.* at 3). The Complaint alleges that this conduct violated his rights under the First, Eighth and Fourteenth Amendments, and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1(a)(1)-(2). (*Id.* at 7-8).

A form Complaint (ECF No. 6) was received and docketed on July 9, 2013. The form Complaint essentially repeats the allegations made in the initial Complaint concerning the alleged use of excessive force and discriminatory and retaliatory treatment by defendant Hilewitz against the plaintiff while he was in the restraint chair. The form Complaint supplanted the initial Complaint as the document upon which this matter was going to proceed. However, the plaintiff subsequently moved to amend his Complaint and filed two more supplements/amendments to his Complaint (ECF Nos. 22 and 25) concerning the conditions of confinement in his cell at MOCC, which the plaintiff claimed constituted cruel and unusual punishment and affected his ability to access the courts. Those claims were brought only against defendant Ballard.

On December 6, 2013, the undersigned entered an Order granting the plaintiff's Motion for Leave to File Amended Complaint (ECF No. 25), and stating that the court would treat the documents in ECF Nos. 6, 22 and 25 collectively as the plaintiff's "Amended Complaint." (ECF No. 29). Because the plaintiff is proceeding *in forma pauperis*, service of process is required to be performed by "the officers of the court." See 28 U.S.C. § 1915(d). Pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure,

which permits service of process pursuant to Rule 4(d)(1)(D) of the West Virginia Rules of Civil Procedure,  service of process was attempted on the defendants by certified mail, return receipt requested.  The undersigned's Order addressing service of process further stated that "the 120-day period provided for service of the summons as set forth in Rule 4(m) of the Federal Rules of Civil Procedure shall run from the date of the entry of this Order."  (ECF No. 29 at 6).

The Clerk was directed to serve defendant Ballard at the prison.  However, because defendant Hilewitz was no longer employed by the West Virginia Division of Corrections, the Clerk was directed to serve him at his last known address.  Service was perfected on defendant Ballard on December 10, 2013.  (ECF No. 32).  The summons for defendant Hilewitz, however, was returned as undeliverable on December 11, 2013, with a notation by the postal service which stated "no receptacle."  (ECF No. 33).

Nevertheless, on December 23, 2013, defense counsel filed an Answer to the Amended Complaint on behalf of both Ballard and Hilewitz (ECF Nos. 37 and 38).  In its Thirteenth and Fifteenth Defenses, the Answer contained boilerplate language raising "insufficient or lack of service of process" and raising and preserving "each and every defense set forth in Rules 8, 9 and 12 of the Federal Rules of Civil Procedure, and further reserv[ing] the right to raise such additional defenses as may appear appropriate following further discovery and factual development in this case."  (ECF No. 37 at 8).

Subsequently, on February 12, 2014, the defendants, by counsel, filed a Motion to Dismiss (ECF No. 47), which asserted that the plaintiff's Amended Complaint failed to state a claim upon which relief can be granted against either defendant, and that both defendants were entitled to absolute sovereign immunity under the Eleventh Amendment on the plaintiff's claims for damages brought against the defendants in their official

capacities, and qualified immunity on the plaintiff's claims against them in their individual capacities. The Motion to Dismiss <u>did not</u> assert or address the insufficient service of process on defendant Hilewitz.[1]

Throughout this time period, the plaintiff was incarcerated at MOCC. However, on February 24, 2014, the plaintiff filed a Notice of Change of Address (ECF No. 50), indicating a new address located in South Hill, Virginia.

On September 16, 2014, the presiding District Judge entered a Memorandum Opinion and Order (ECF No. 54), in which he granted the defendants' Motion to Dismiss concerning all of the plaintiff's claims against defendant Ballard, and the claims against defendant Hilewitz in his official capacity, but denied the Motion to Dismiss as to the plaintiff's claims under the First, Eighth and Fourteenth[2] Amendments brought against defendant Hilewitz in his individual capacity. Those claims, which are stated within the form Complaint contained in ECF No. 6, are the only remaining claims in this civil action.

On October 17, 2014, the plaintiff filed another Notice of Change of Address. (ECF No. 56). According to this Notice, it appears that the plaintiff is now incarcerated in the Meherrin River Regional Jail in Alberta, Virginia.

Believing that defense counsel had made an appearance on behalf of defendant Hilewitz and was not challenging the service of process issue, on October 21, 2014, the

---

[1]  The undersigned notes that the 120-day period under Rule 4(m) was still running at the time this motion was filed. By the court's calculation, and as argued by defense counsel in the current motions, the 120-day period expired on or about April 7, 2014.

[2]  The presiding District Judge's Memorandum Opinion and Order references the Fifth Amendment as the operative amendment governing the plaintiff's equal protection claim. However, because the plaintiff was a state prisoner at the time of this alleged incident, the Equal Protection Clause of the Fourteenth Amendment is the appropriate amendment under which this claim should be scrutinized. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 435 (1985)("The Equal Protection Clause of the Fourteenth Amendment commands that no State shall deny to any person within its jurisdiction the equal protection of the laws.") Thus, in this document, the undersigned will refer to and address the plaintiff's claim under the Fourteenth Amendment.

undersigned entered an Order and Notice setting deadlines for discovery and dispositive motions.  (ECF No. 57).

On January 16, 2015, the plaintiff filed a document entitled "Discovery."  (ECF No. 58).  However, this document does not appear to contain any specific discovery request to defendant Hilewitz[3], and it does not appear that this document was served on defense counsel.  Nonetheless, on February 16, 2015, defense counsel filed a Certificate of Service for a Response to Plaintiff's Discovery.  (ECF No. 61).[4]

On February 12, 2015 (exactly one year after filing the defendants' first Motion to Dismiss), defense counsel filed the instant Motion to Dismiss (ECF No. 59) and a Memorandum of Law in support thereof (ECF No. 60), asserting that defendant Hilewitz was not properly served with process within the 120-day period allotted for service under Rule 4(m) of the Federal Rules of Civil Procedure, and that this matter should be dismissed for lack of personal jurisdiction and insufficient service of process under Rules 12(b)(2) and 12(b)(5) of the Federal Rules of Civil Procedure.

Then, on April 1, 2015, defense counsel filed a Motion for Summary Judgment (ECF No. 62) and Memorandum of Law in support thereof (ECF No. 63), in accordance with the undersigned's October 21, 2014 Order and Notice.  The Motion for Summary Judgement and Memorandum reassert the defendant's argument that the court lacks personal jurisdiction over Hilewitz due to insufficient service of process within the Rule 4(m) time period, and further asserts that the plaintiff has failed to demonstrate any

---

[3]  Rather, this document appears only to point out that Defendant's Exhibit 4 contains evidence that the plaintiff sought medical treatment of his mouth and nose by a nurse for injuries, including bleeding.  The plaintiff asserts that these injuries were caused by defendant Hilewitz.  It is unclear if the plaintiff intended this document to be a request for admission or something else.

[4]  Because only the Certificate of Service was filed, in accordance with Rule 5 of the Federal Rules of Civil Procedure, the undersigned is uncertain of what defendant Hilewitz's Response to Discovery entailed.

genuine issue of material fact concerning any violation of his federal constitutional rights by Hilewitz and, thus, Hilewitz is entitled to qualified immunity and judgment as a matter of law on all of the plaintiff's claims against him.

### A.    The defendant's Motion to Dismiss for Insufficient Service.

Defendant Hilewitz, by counsel, has filed a Motion to Dismiss, pursuant to Rules 12(b)(2) and 12(b)(5) of the Federal Rules of Civil Procedure, on the basis that defendant Hilewitz was not properly served with process within the 120-day period prescribed in Rule 4(m) of the Federal Rules of Civil Procedure and, therefore, the court lacks personal jurisdiction over him.  Rule 4(m) provides as follows:

> If the defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against the defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  The defendant's Memorandum of Law further asserts that "[i]t is axiomatic that '[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.'"  *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 108 S. Ct. 404, 98 L. Ed.2d 415 (1987).  (ECF No. 60 at 5).  Furthermore, as asserted by the defendant, the burden of establishing that service of process has been properly performed is on the plaintiff. *Ballard v. PNC Fin. Servs. Grp., Inc.*, 620 F. Supp.2d 733, 735 (S.D. W. Va. 2009).  (*Id.*)

However, Rule 4(c)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915(d) provide that, when a plaintiff is proceeding *in forma pauperis*, service of process <u>must</u> be performed by the United States Marshals Service or an officer of the court.  Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d); *see also Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir. 2010) ("*in forma pauperis* plaintiffs must rely on the district court and the U.S.

Marshals Service to effect service of process according to 28 U.S.C. § 1915.")  The plaintiff,

however, must provide sufficient information to identify the defendant with "reasonable

effort."  *Richardson v. Johnson*, 598 F.3d 734, 738-40 (11th Cir. 2010).  The court does

not act as an advocate for the pauper plaintiff.  In the instant case, the plaintiff was

granted pauper status; thus, court officers were responsible for service of process herein.

The defendant's Memorandum of Law in support of his Motion to Dismiss further

asserts:

> In this matter, the only claims asserted by Plaintiff remaining are claims asserted against Defendant Hilewitz in his individual capacity.  Indisputedly, Plaintiff has failed to achieve service on Defendant Hilewitz as of the time of the filing of this motion which is clearly in excess of 120 days following the filing of Plaintiff's *Amended Complaint* on December 6, 2013.  In support, the *Summons for Jeffrey Hilewitz* attached hereto as **Exhibit A**, clearly shows that although an attempt to serve a copy of the summons and *Amended Complaint* was made, such attempt was unsuccessful as there was no indication of service on the return.  (ECF No. 33).  This Honorable Court made the same observation, noting in its *Proposed Findings and Recommendations* to the District Court concerning Defendant's *Motion to Dismiss* wherein it stated:  "Defendant Hilewitz who is no longer employed by the West Virginia Division of Corrections, was not successfully served[.]"  (ECF No. 51 at 3).  The Court further stated:  "defendant Jeffrey Hilewitz's mail was returned unexecuted."  *Id.* at 23.
>
> <u>Defense counsel acknowledges that it answered Plaintiff's *Amended Complaint* on behalf of Defendant Hilewitz although defense counsel has been unable to locate Mr. Hilewitz and has not had any contact with him.</u>  However, simply because defense counsel filed an *Answer* on Defendant Hilewitz's behalf does not cure the fact that this Court cannot assert personal jurisdiction over Defendant Hilewitz in the first instance.

(ECF No. 60 at 5-6) (Emphasis added).  The defendant further asserts that the instant

case is analogous to that of *Preast v. McGill*, 65 F. Supp.2d 395 (S.D. W.Va. 1999), in

which another Honorable Judge of this court dismissed a Complaint for lack of personal

jurisdiction over one of the individual defendants who had not been properly served with

process.  (*Id.* at 6-7).

The plaintiff did not file a response to the Motion to Dismiss prior to the filing of the defendant's Motion for Summary Judgment (which will be separately addressed herein).  Although the plaintiff did file a response to the Motion for Summary Judgment, as noted by the defendant in his Reply thereto, the plaintiff has entirely failed to address the insufficient service of process issue in his brief.  The Memorandum of Law in support of the defendant's Motion for Summary Judgment expands on this argument as follows:

> However, to date, almost one year following the expiration of Plaintiff's 120 day period imposed by the Court, Plaintiff has failed to effect service of process on Hilewitz.  Not only has Plaintiff been released from incarceration[5] for approximately one year and had ample time to research the whereabouts of Mr. Hilewitz and attempt service, Plaintiff has apparently abandoned any attempt to seek such service as Plaintiff has failed to Respond to Defendant's Counsel's Motion to Dismiss the matter filed on February 12, 2015.

> * * *

> Moreover, as a practical matter, it is fundamentally unfair and unjust to Hilewitz for this matter to proceed absent effective service of process as Hilewitz presumably has no knowledge of the suit.  Although Defense Counsel entered an appearance and answered on Hilewitz's behalf, such an appearance cannot constitute waiver of jurisdiction by Hilewitz.  As stated by the Supreme Court in *Stone v. Bank of Commerce,* 174 U.S. 412, 422, 19 S. Ct. 747, 751, 43 L. Ed. 1028 (1899):

>> An attorney in his capacity merely as such has no power to make any agreement for his client before a suit has been commenced, or before he has been retained to commence one. Before the commencement of a suit, or the giving of authority to commence one, there is nothing upon which the authority of an attorney to act for his client can be based.  If, before the commencement of any suit, an attorney assumes to act for his principal, it must be as agent, and his actual authority must appear; and, if it be not shown, it cannot be inferred by comparison with what his authority to act would have been if a suit were actually pending, and he had in fact been retained as attorney by one of the parties.

---

[5]  As noted above, it appears that the plaintiff was re-incarcerated in Virginia, at least as of October of 2014. (ECF No. 56).

8

Further, an attorney cannot "accept service of process which commences the action, without any authority to do so from his principal." *Id.* In this case, Defense counsel has not met with, discussed, or had any contact whatsoever with Hilewitz. Thus, Defense counsel had no authority to accept or waive service on Hilewitz's behalf. Thus, because Plaintiff has failed to serve Defendant Hilewitz within 120 days of the filing of Plaintiff's Amended Complaint and personal jurisdiction could not have been waived by defense counsel, this Court should find that it lacks jurisdiction over Defendant Hilewitz and order the matter dismissed and stricken from the active docket of Court.

(ECF No. 63 at 12-13). Defense counsel also filed an Affidavit concerning his role in retention as counsel in this matter and the responses he made on behalf of the defendants. (ECF No. 62, Ex. 1). The defendant's Reply to the Motion for Summary Judgment further states in pertinent part:

To date, Plaintiff has failed to come forward with good cause for not ensuring that Defendant Hilewitz was served or any legal argument to state that Defendant is not entitled to judgment as a matter of law. To the extent that Plaintiff had an argument that the Court possesses jurisdiction over Hilewitz, such argument has been abandoned or waived.

(ECF No. 65 at 2).

The undersigned is troubled by the procedural circumstances of this case. While there is no question that defendant Hilewitz was not served with process within 120 days of the Order granting the plaintiff's Amended Complaint and directing that service be made upon defendant Hilewitz, because court officers were responsible for performing service of process, it is difficult to recommend that the responsibility for the failure to serve process on Hilewitz be entirely placed upon the plaintiff.

Furthermore, although defense counsel attempted to raise and preserve the defense of insufficient service of process in the December 23, 2013 Answer (ECF No. 37 at 9, "Thirteenth Defense"), the undersigned notes that counsel (1) failed to pursue that defense in a Motion to Dismiss prior to filing the Answer, as required by Rule 12(b), and then (2) failed to assert it in the initial Motion to Dismiss (ECF No. 47), which was filed

on behalf of <u>both</u> defendants on February 12, 2014 – an action which the undersigned believes waived such defense, as outlined in Rules 12(h)(1)(A) and 12(g)(2).

Rule 12(b) states in pertinent part: "A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."  Fed. R. Civ. P. 12(b); *See also, e.g., Santos v. State Farm Fire & Cas. Co.*, 902 F.2d 1092, 1095-96 (2d Cir. 1990) (though defendant was entitled to raise its service of process defense by motion, Rule 12(b) required that any such motion be made <u>before a responsive pleading</u>).  Furthermore, Rule 12(h)(1) states as follows:

> **(h)  Waiving and Preserving Certain Defenses.**
>
> **(1) *When Some Are Waived.*** <u>A party waives any defense listed in Rule 12(b)(2)-(5) by: (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or (B)  failing to either: (i) make it by motion under this rule; or (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.</u>

Fed. R. Civ. P. 12(h)(1) (emphasis added).  Rule 12(g)(2) further provides that:

> Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule <u>must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.</u>

Fed. R. Civ. P. 12(g)(2) (emphasis added).

In the instant case, notwithstanding the Rule 4(m) issue, at the time that defense counsel filed the Answer on behalf of <u>both</u> defendants, he knew, or should have known, that Hilewitz had not been properly served; yet, rather than file a Motion to Dismiss asserting the affirmative defense of insufficient service of process on Hilewitz, and bringing that issue to the forefront early in the case, defense counsel filed the responsive pleading (Answer) first.  Then, almost two months later, defense counsel filed the initial Motion to Dismiss on behalf of <u>both</u> defendants and failed to address the insufficient service of process and/or lack of personal jurisdiction defenses therein.

10

Based upon a limited survey of federal case law, it appears that there is a split of authority concerning the interplay of the above-cited rules and the preservation of a defense under Rules 12(b)(2)-(5), depending on whether such defense is first asserted in a pre-answer motion or in an answer filed prior to such a motion. *Compare Mitrano v. Jerry's Ford Sales, Inc.*, 82 F.3d 403, 1996 WL 184501 (1st Cir., Apr. 11, 1996) (unpublished) (finding that lack of personal jurisdiction defense was not waived under Rule 12(h)(1)(B) when it was preserved in an answer, but not raised in a subsequent motion to dismiss), *with Santos*, *supra*, 902 F.2d at 1095 (Rule 12(b)(5) defense of insufficient service of process that was summarily stated in initial answer did not adequately preserve the defense which was ultimately addressed in a motion to dismiss filed two years later), *Arkwright Mut. Ins. Co. v. Scottsdale Ins. Co.*, 874 F. Supp. 601, 603 (S.D.N.Y. 1995) (defense of lack of personal jurisdiction was waived by failure to raise it in first Rule 12 motion, even though defendant included it in answer), *and Committee v. Reimer Co. L.P.A.*, 150 F.R.D. 495, 498 (D. Vt. 1993) (same).

In this case, even if the court were to find that defendant Hilewitz's insufficient service and/or lack of personal jurisdiction defenses[6] were preserved in the Answer (notwithstanding Rule 12(b)'s dictate to first raise them in a pre-answer motion), the

---

[6] The undersigned recognizes that insufficient service of process and lack of personal jurisdiction are separate, but somewhat inter-related, defenses. As noted by the Court in *Santos*:

> Questions of personal jurisdiction go to "whether the controversy or defendant has sufficient contact with the forum to give the court the right to exercise judicial power over defendant," Wright & Miller § 1351, at 560, whereas questions of sufficiency of service concern "the manner in which service has been made and not . . . the court's power to adjudicate defendant's rights and liabilities," *id.* § 1353, at 578-79.

902 F.2d at 1095. In the instant case, the defendant's argument for dismissal appears to be grounded in the failure to serve process, which, the defendant asserts, has denied Hilewitz sufficient contact with the forum to give this court the right to exercise personal jurisdiction over him. As noted in the defendant's brief, "[i]t is axiomatic that '[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.'" *Omni Capital Int'l, Ltd.,* 484 U.S. at 97. (ECF No. 60 at 5).

undersigned proposes that the presiding District Judge **FIND** that these defenses were ultimately waived via the application of Rules 12(g)(2) and 12(h)(1)(A), when defense counsel entirely failed to raise these defenses in the initial Motion to Dismiss, and now attempts to raise them in a second Motion to Dismiss.  Such a finding is supported by Fourth Circuit precedent in *Rowley v. McMillan*, in which the Court held as follows:

> Rowley contends that the district court lacked jurisdiction over his person because he has never been personally served with a copy of the summons and complaint.
>
> * * *
>
> In response to the original complaint, Rowley appeared and filed a motion to dismiss, questioning the jurisdiction of the district court over the subject matter of the action and the sufficiency of the complaint to state a claim upon which relief could be granted, but not challenging the court's jurisdiction over his person.   Rule 12(b), F.R.Civ.P., provides that the defense of lack of jurisdiction over the person shall be asserted in the pleading in response to the one in which jurisdiction is claimed or by motion in lieu of a responsive pleading, and Rule 12(h)(1) says that if a defense of lack of jurisdiction over the person is not so asserted, it is waived.   Rowley does not appear seriously to contest the conclusion that his failure to assert the lack of jurisdiction over his person in the response to the initial complaint constituted waiver of that defense, but he argues that he had a right to revive the defense because plaintiffs amended their complaint several times.   His response to one of these amended complaints included a claim that the action be dismissed for lack of jurisdiction over his person. We think the argument is foreclosed, however, by the language of Rule 12(g), which states that
>
>> If a party makes a motion under this rule but omits therefrom any defense or objection then available to him which this rule permits to be raised by motion, he shall not thereafter make a motion based on the defense or objected so omitted.

502 F.2d 1326, 1332 (4th Cir. 1974).  While *Rowley* is not entirely on point, the Court's ruling that a Rule 12(b) defense that not raised in an initial motion to dismiss may not be made in a subsequent motion is analogous.

The undersigned further notes that, despite the fact that counsel had not had any communication with defendant Hilewitz, and now admits that he has been unable to

locate him, counsel filed both the Answer and the initial Motion to Dismiss on behalf of defendant Hilewitz, and then waited a <u>full year</u> after filing the initial Motion to Dismiss before filing the instant Motion to Dismiss raising the substance of the insufficient service and personal jurisdiction issues.  These actions by defense counsel led the court to believe that counsel was representing defendant Hilewitz and was not contesting the service issue.  Thus, the undersigned believes that defense counsel also bears some responsibility for the failure of the court to further pursue service upon defendant Hilewitz.

Under all of these circumstances, in addition to proposing that the presiding District Judge **FIND** that the defendant is barred from now asserting the Rule 12(b) defenses concerning insufficient service of process and lack of personal jurisdiction, the undersigned further proposes that the presiding District Judge **FIND** that there is good cause to excuse the failure to serve defendant Hilewitz within the Rule 4(m) time period.[7] Nonetheless, as further addressed below, because the plaintiff has not proffered sufficient evidence to establish a genuine issue of material fact concerning any of his claims, defendant Hilewitz should be entitled to summary judgment.

### B.    The defendant's Motion for Summary Judgment.

On April 1, 2015, the defendant, by counsel, filed a Motion for Summary Judgment (ECF No. 62) and a Memorandum of Law in support thereof (ECF No. 63).   The Memorandum of Law first reiterates the defendant's arguments concerning insufficient service of process on defendant Hilewitz and whether the court has personal jurisdiction over him.    The undersigned will not re-address that issue.[8]    The defendant's

---

[7] Should the court find that good cause exists to extend the service period, it does not appear that service of process upon Hilewitz is readily attainable because his current whereabouts are unknown.

[8] However, if the presiding District Judge disagrees with the undersigned's proposed finding on that issue, and instead finds that dismissal for insufficient service of process and lack of personal jurisdiction is warranted, there is no need to further address the defendant's Motion for Summary Judgment.

Memorandum of Law in support of his Motion for Summary Judgment further asserts, however, that the plaintiff has not demonstrated any genuine issues of material fact, and that defendant Hilewitz is entitled to qualified immunity and judgment as a matter of law on each of the plaintiff's federal constitutional claims.

The remaining claims against defendant Hilewitz consist of an Eighth Amendment claim alleging use of excessive force, a First Amendment retaliation claim, and a Fourteenth Amendment equal protection claim (both of which are based upon Hilewitz's alleged comments about the plaintiff's religious affiliation). All of these claims arise out of the following factual allegations contained in the plaintiff's form Complaint (ECF No. 6):

On March 11, 2013, the plaintiff claims that he was assaulted by defendant Hilewitz while he was restrained in a restraint chair.[9] The plaintiff alleges that, after all other staff had left the room, and there was no longer a handheld surveillance camera running, defendant Hilewitz made discriminating comments about the plaintiff's Hare Krishna religion (specifically, "this is what you retarddit [sic; retarded] Hare Krishnas get") and then Hilewitz allegedly struck/punched the plaintiff twice in the face and once in the back of the head. (*Id.* at 8). The plaintiff further alleges that he suffered a "busted mouth and a busted nose." (*Id.*) The plaintiff further alleges that he yelled for help and Captain Williams approached and witnessed the plaintiff's face "busted open" and ordered that pictures be taken of the plaintiff's face, which the plaintiff claims was "bloody." (*Id.* at 9).

Although the plaintiff's Complaint alleges that he sought investigations of this incident by the Department of Justice's Civil Rights Division, Office of Justice Programs,

---

[9]  The undersigned notes that the plaintiff's allegations do not challenge his placement in the restraint chair or the conduct of any other MOCC staff involved in his placement therein.

and the West Virginia State Police, he has not ofered any evidence from those investigations to support his claims; nor has he offered the pictures or video that were allegedly taken of him that day.  Furthermore, the plaintiff has not offered any affidavits or other sworn evidence to support that this incident occurred in the manner described.

The defendant's Memorandum of Law in support of his Motion for Summary Judgment asserts that the plaintiff's failure to come forward with affirmative evidence to demonstrate that his constitutional rights were violated is fatal to his claims.  The defendant asserts that the plaintiff has failed to establish any genuine issues of material fact concerning Hilewitz's alleged conduct and, thus, defendant Hilewitz is entitled to judgment as a matter of law.  The Memorandum then summarily addresses the legal standards applicable to the plaintiff's claims and argues that the plaintiff has not met his burden of proving each violation, or that there is any genuine issue of material fact necessitating a trial on these claims.

The defendant's Memorandum of Law first sets forth the standards for a section 1983 claim as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities, secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.  For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983.  The Memorandum then addresses the following standard applicable to an Eighth Amendment excessive force claim:

> When a prison security measure is undertaken to resolve a disturbance, such as occurred in this case, that indisputably poses significant risks to the safety of inmates and prison staff, we think the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.

*Whitley v. Albers*, 475 U.S. 312, 320-21, 106 S. Ct. 1078, 89 L. Ed.2d 251 (1986) (internal citations omitted by defendant).  (ECF No. 63 at 15).  This is the correct standard to apply to determine whether a particular use of force was reasonable under the circumstances.

In *Farmer v. Brennan*, 511 U.S. 825, 832 (1994), the Supreme Court held that the Eighth Amendment to the Constitution "imposes duties on [prison] officials who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'"  This is a low standard.  The Supreme Court emphasized that "[p]rison conditions may be 'restrictive and even harsh.'"  *Id.* at 833.  The Supreme Court, however, rejected an argument that an objective test of deliberate indifference be established.

> We hold instead that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837.  Thus, to sustain an Eighth Amendment claim, a prisoner must show two things: (1) "the deprivation must be, objectively, 'sufficiently serious;'" that is, "denial of 'the minimal civilized measure of life's necessities;'" and (2) the prison official had a "'sufficiently culpable state of mind;'" that is, "'deliberate indifference' to inmate health or safety."  *Id.* at 834. (Citations omitted.)  The negligent failure to protect inmates from violence will not suffice.  *Pressly*, 816 F.2d at 979.

16

In *Hudson v. McMillan*, 503 U.S. 1 (1992), the Supreme Court held that use of excessive physical force against an inmate may constitute cruel and unusual punishment even when the inmate does not suffer serious injury.  The Court held "that whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is that set out in *Whitley* [*v. Albers*, 475 U.S. 312 (1986)]: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  503 U.S. at 6.  The majority opinion noted that "[t]he objective component of an Eighth Amendment claim is therefore contextual and responsive to 'contemporary standards of decency.'" *Id.* at 8.  [Citation omitted.]

> In the excessive force context, society's expectations are different. When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated.  [Citation omitted.]  This is true whether or not significant injury is evident.  Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury. Such a result would have been as unacceptable to the drafters of the Eighth Amendment as it is today. * * *
>
> That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action.  [Citation omitted.]  The Eighth Amendment's prohibition of "cruel and unusual" punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort "repugnant to the conscience of mankind." [Citations omitted.]

*Id.*, at 9-10.  Near the conclusion of the *Hudson* opinion, Justice O'Connor wrote: "To deny, as the dissent does, the difference between <u>punching a prisoner in the face</u> and serving him unappetizing food is to ignore the 'concepts of dignity, civilized standards, humanity and decency' that animate the Eighth Amendment."  *Id.*, at 11 (emphasis added).

Concerning the plaintiff's claim for retaliation, the defendant's Memorandum of Law correctly asserts that "the plaintiff must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." *Muwwakkil v. Johnson*, No. 7:09CV00318, 2010 WL 3585983, at 12 (W.D. Va. Sept. 13, 2010), *aff'd*, 407 F. App'x 685 (4th Cir. 2011); *see also Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994).  (ECF No. 63 at 15).

While the defendant's Memorandum of Law does not specifically address any standard applicable to the plaintiff's Equal Protection claim, in order to succeed with such a claim, the plaintiff must demonstrate that he was treated differently than other prisoners who were similarly situated, and that such "unequal" treatment resulted from intentional or purposeful discrimination.  *See Godbey v. Wilson*, 1:12CV1301, 2014 WL 795274 (E. D. Va, Feb. 26, 2014) (citing *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001) (addressing a Fifth Amendment equal protection claim brought by a federal prisoner).

Concerning all of these claims, the defendant's Memorandum of Law further states:

> Here, the evidence is clear that Plaintiff is unable to meet his burden of proving a violation of his constitutional rights.  Throughout the course of this litigation, Plaintiff has failed to proffer any concrete evidence to form the foundation of such allegations.  Plaintiff has relied completely on his own self-serving recitals that Defendant Hilewitz struck him in the face and made discriminatory remarks concerning Plaintiff's religion.  Essentially, Plaintiff paints himself as the victim of maltreatment at the hand of prison staff but has not offered evidentiary support to back up that position.
>
> The evidence, however, is that Plaintiff was placed in the mechanical restraint chair after Captain Williams attempted to calm Plaintiff's outrageous and agitated behavior that led to his kicking his cell door, flooding his floor, and making threats.  Although Plaintiff claims that he was assaulted by Defendant Hilewitz, Nurse Joyce Coleman examined Plaintiff after his placement in the chair and found no injuries requiring medical treatment.  Obviously, if Defendant Hilewitz had assaulted Plaintiff and

> Plaintiff had suffered a "busted" face as alleged, than [sic; then] Plaintiff would have sustained an injury requiring medical treatment. Quite simply, the evidence shows that Plaintiff's allegations never occurred. Without more, the mere conclusory assertions that Defendant Hilewitz engaged in the alleged conduct, Plaintiff's claim must fails as a matter of law.

(ECF No. 63 at 16).

As noted above, the defendant's Memorandum of Law further asserts that Hilewitz is entitled to qualified immunity on the plaintiff's claims against him. (ECF No. 63 at 13-14). Government officials are not liable for monetary damages if they can show that their conduct did not violate clearly-established statutory or constitutional rights of which a reasonable person would have known. *See Wilson v. Layne*, 526 U.S. 603, 609 (1999). Qualified immunity exists to protect officers in the performance of their duties unless they are "plainly incompetent" or they "knowingly violate the law." *Doe v. Broderick*, 225 F.3d 440, 446 (4th Cir. 2000).

In ruling on an issue of qualified immunity, a court must consider this threshold question: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Saucier v. Katz*, 533 U.S. 194, 201 (2001). If the allegations do not give rise to a constitutional violation, no further inquiry is necessary. *Id.* If, on the other hand, a violation can be shown, then the court must determine whether the right was clearly established in the specific context of the case. *Id.* In *Pearson v. Callahan*, 555 U.S. 223 (2009), the Supreme Court held that courts may decide to address whether the right is clearly established first. The *Pearson* Court noted that the doctrine of qualified immunity "balances two important interests – the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." 555 U.S. at 230.

The plaintiff's Response to the Motion for Summary Judgment contends that Exhibits 3 and 5 attached to the defendant's Motion for Summary Judgment demonstrate that the plaintiff sustained injuries to his nose and mouth, requiring medication for pain, which, the plaintiff further contends, creates a genuine issue of material fact as to whether the assault by defendant Hilewitz occurred as alleged, and precludes summary judgment. (ECF No. 64 at 1; ECF No. 62, Exs. 3 and 5).  Thus, the plaintiff summarily asserts that his Amended Complaint should not be dismissed.  (*Id.* at 2).

Exhibit 3 attached to the defendant's Motion for Summary Judgment is a Memorandum drafted by Shift Commander, Lt. James Jones, to Chief Correctional Officer, Major Robert Rhodes, on March 12, 2013 (the date of the subject incident).  After describing the volatile circumstances on the plaintiff's unit, and the plaintiff's behavior that led to his placement in the restraint chair, the memorandum states, in pertinent part, as follows:

> His restraints were checked and he was assessed by LPN Joyce Coleman. Inmate Humple continued to make threats and display verbal noncompliance and exposing bodily fluids by spitting blood on the wall for approximately two and a half hours.  Inmate Humple['s] demeanor continued to improve and he was released from the restraint chair at approximately 0118 hours and secured back in his cell.  Inmate Humple complained that he had been struck in the nose by Sgt. Jeff Hilewitz.  He was checked by LPN Joyce Coleman and given medication for his complaint of pain . . . . The highest level of force used on Inmate Humple was intermediate control tactic soft.

(ECF No. 62, Ex. 3).  Exhibit 5 attached to the Motion for Summary Judgment is an Incident Report dated March 12, 2013, which was completed by Joyce Coleman, a Licensed Practical Nurse, who examined the plaintiff on the date of this incident.  The Incident Report states:

> On this day, Tuesday, 12 March 2013, at approximately 2001 hours, I, Joyce Coleman, Licensed Practical Nurse, responded to a call from Quilliams Two Multipurpose Room, Dental Area, to assess Inmate Humple, Robert DOC #

43802, who had been placed in the restraint chair.  All restraints were patent with proper finger space between restraint and Inmate Humple.  Inmate Humple complained of pain to his nose and lower lip.  Both areas were assessed and no medical treatment was required at that time.  Inmate Humple was medicated for his complaint of pain per nursing protocol.  End of report.

(ECF No. 62, Ex. 5).  The plaintiff maintains that the fact that he was spitting blood and was given medication for pain supports a finding that this assault actually occurred and establishes genuine issues of material fact concerning his constitutional claims.  (ECF No. 64).

The defendant's Reply asserts that the plaintiff must provide affirmative evidence that the alleged wrongful conduct of defendant Hilewitz actually occurred before a finder of fact may determine if the conduct violated the plaintiff's clearly-established constitutional rights.  (ECF No. 65 at 4).  The Reply further states:

This matter is beyond the initial pleading stage where Plaintiff's allegations alone are sufficient to survive dismissal.  At the summary judgment stage, Plaintiff must offer some affirmative [evidence] to support his claims to survive summary judgment.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257, 106 S. Ct. 2505, 2514, 91 L. Ed.2d 202 (1986).  In fact, such affirmative evidence must be "concrete."

* * *

In his response, Plaintiff does not submit his own sworn statement or affidavit stating that the conduct that he alleged in fact occurred.  He simply relies on Exhibits 3 and 5 of Defendant's Memorandum of Law to support his claims.  However, Plaintiff's representations with regard to Exhibits 3 and 5 overstate the significance of what is contained therein.

* * *

If anything, Exhibits 3 and 5 show that Plaintiff's allegations were not substantiated.  Specifically, Exhibit 3 merely shows a recognition by Mt. Olive management that Plaintiff <u>alleged or complained</u> just as he has done in this lawsuit, that Defendant Hilewitz struck Plaintiff.  Likewise, Exhibit 5 shows that nurse Coleman did not find evidence that Plaintiff had been stricken by Defendant Hilewitz as nowhere in Coleman's report does it state Coleman observed or treated Plaintiff for any physical injuries.  Coleman simply stated that she gave Plaintiff medication for Plaintiff's "<u>complaint of</u>

pain." Assuredly, if Plaintiff was punched by Defendant in the face twice and in the back of the head once resulting in a "busted" mouth or busted nose, nurse Coleman would have observed those injuries and treated him for such. Thus, Plaintiff strains any reasonable interpretation of Exhibits 3 and 5 and accordingly fails to point to or proffer on his own, sufficient evidence upon which a reasonable jury could find in his favor.

(ECF No. 65 at 5-6).

In evaluating summary judgment motions, Rule 56(a) of the Federal Rules of Civil Procedure provides:

A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Fed. R. Civ. P. 56(a) (2010). Material facts are those necessary to establish the elements of a party's cause of action. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

A genuine issue of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant. *Id.* The moving party has the burden of establishing that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Even if there is no dispute as to the evidentiary facts, summary judgment is also not appropriate where the ultimate factual conclusions to be drawn are in dispute. *Overstreet v. Kentucky Cent. Life Ins. Co.*, 950 F.2d 931, 937 (4th Cir. 1991).

Rule 56(c)(1) of the Federal Rules of Civil Procedure provides that:

A party asserting that a fact cannot be or is genuinely disputed, must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or

declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B)  showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).  Subsection (e) of Rule 56 provides that, if a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact, the court may:  (1) give the parties an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and undisputed supporting materials show that the movant is entitled to it; or (4) issue any other appropriate order.  Fed. R. Civ. P. 56(e).

A court must not resolve disputed facts, weigh the evidence, or make determinations of credibility.  *See Sosebee v. Murphy*, 797 F.2d 179, 182 (4th Cir. 1986); *Russell v. Microdyne Corp.*, 65 F.3d 1229, 1239 (4th Cir. 1995).  Rather, the party opposing the motion is entitled to have his or her version of the facts accepted as true and, moreover, to have all internal conflicts resolved in his or her favor.  *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979).  Inferences that are "drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion."  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).  However, the party opposing the motion may not rely upon mere allegations or denials of the pleadings, but must set forth specific facts showing that there is a genuine issue for trial.  *Sprenkle v. Hartford Life Ins. Co.*, 84 F. Supp. 2d 751 (N.D. W. Va. 2000).

The undersigned proposes that the presiding District Judge **FIND** that the plaintiff's bare allegations and reliance on Exhibits 3 and 5 to the defendant's Motion for Summary Judgment, without more, are insufficient to establish a genuine issue of material fact concerning any of the plaintiff's constitutional claims.  The plaintiff has not

23

offered any concrete, affirmative evidence to demonstrate that his "spitting blood" or complaints of pain were the result of wrongful conduct by defendant Hilewitz. *See Anderson*, 477 U.S. at 256 (a plaintiff may not defeat a properly-supported summary judgment motion without offering concrete evidence from which a reasonable juror could return a verdict in his favor). Moreover, there is a complete absence of evidence to establish that defendant Hilewitz made the comment that serves as the basis for his First and Fourteenth Amendment claims.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that there is no genuine issue of material fact concerning whether defendant Hilewitz violated any of the plaintiff's clearly-established rights under the First, Eighth or Fourteenth Amendments. Thus, the undersigned further proposes that the presiding District Judge **FIND** that defendant Hilewitz is entitled to qualified immunity and judgment as a matter of law on the plaintiff's First, Eighth and Fourteenth Amendment claims.

## **RECOMMENDATION**

Based upon the proposed findings contained herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the defendant's Motion to Dismiss (ECF No. 59), **GRANT** the defendant's Motion for Summary Judgment (ECF No. 62) and remove this civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the

date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to the opposing parties and Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.


August 14, 2015

Dwane L. Tinsley
United States Magistrate Judge

25