## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

ROBERT C. HUMPLE,

    Plaintiff,

v.    CIVIL ACTION NO. 2:13-cv-14618

JEFFERY HILEWITZ,

    Defendant.

### MEMORANDUM OPINION AND ORDER

  Pending before the Court are Defendant's Motion to Dismiss Plaintiff's Amended Complaint (the "Motion to Dismiss"), (ECF No. 59), and Defendant's Motion for Summary Judgment,[1] (ECF No. 62). By Standing Order entered on April 8, 2013 and filed in this case on June 24, 2013, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and recommendations for disposition ("PF&R"). (ECF No. 2.) Magistrate Judge Tinsley filed a PF&R on August 14, 2015, in which he recommends that this Court deny the Motion to Dismiss, grant Defendant's Motion for Summary Judgment, and remove this civil action from the docket of the Court. (ECF No. 67 at 24.) Objections to this PF&R were due by August 31, 2015. (*See* ECF No. 67 at 24–25.) To date, neither party filed objections to the August 14, 2015 PF&R.

---

[1] Defendant entitled his Motion for Summary Judgment as "Defendant's Motion Summary [sic] Judgment." (ECF No. 62 at 1.)

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of de novo review and the Plaintiff's right to appeal this Court's order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

Upon review of the August 14, 2015 PF&R, the Court agrees with Magistrate Judge Tinsley's recommendation to deny the Motion to Dismiss. (*See* ECF No. 67 at 6–13.) The Court therefore **ADOPTS** the PF&R insofar as it recommends that the Court deny the Motion to Dismiss. (ECF No. 59.)

The Court does not, however, concur with the findings in the PF&R regarding Defendant's Motion for Summary Judgment. (*See* ECF No. 67 at 13–24.) In the August 14, 2015 PF&R, Magistrate Judge Tinsley notes that Plaintiff has three remaining claims against Defendant: (1) "an Eighth Amendment claim alleging use of excessive force;" (2) "a First Amendment retaliation claim;" and (3) "a Fourteenth Amendment equal protection claim." (*Id.* at 14.) Magistrate Judge Tinsley also states that "[a]ll of these claims arise out of . . . factual allegations contained in [Plaintiff's] form Complaint." (*Id.* (citing ECF No. 6); *see also* ECF No. 29 at 5 (providing Magistrate Judge Tinsley's order in which he states that "the court will collectively treat ECF Nos. 6, 22 and 25 as [Plaintiff's] 'Amended Complaint'").)

In his memorandum in support of Defendant's Motion for Summary Judgment, Defendant argues, in relevant part, that "Plaintiff has failed to meet his burden of proof and proffer sufficient evidence that Defendant . . . used excessive force against Plaintiff or retaliated against Plaintiff

2

based on his religion." (ECF No. 63 at 16–17.) Defendant further asserts that, "[t]hroughout the course of this litigation, Plaintiff has failed to proffer any concrete evidence to form the foundation of [the Complaint's] allegations" and, instead, "Plaintiff has relied completely on his own self servicing recitals that Defendant . . . struck him in the face and made discriminatory remarks concerning Plaintiff's religion." (*Id.* at 16.)

In the August 14, 2015 PF&R, Magistrate Judge Tinsley agrees with Defendant's position and states the following:

> The undersigned proposes that the presiding District Judge FIND that [Plaintiff's] bare allegations . . . , without more, are insufficient to establish a genuine issue of material fact concerning any of [Plaintiff's] constitutional claims. [Plaintiff] has not offered any concrete, affirmative evidence to demonstrate that his "splitting blood" or complaints of pain were the result of wrongful conduct by [Defendant]. Moreover, there is a complete absence of evidence to establish that [Defendant] made the comment that serves as the basis for his First and Fourteenth Amendment claims.

(ECF No. 67 at 23–24.) Based solely on the proposed finding that Plaintiff failed to proffer evidence in support of his claims, Magistrate Judge Tinsley then recommends that the Court find "that [Defendant] is entitled to qualified immunity and judgment as a matter of law on [Plaintiff's] First, Eighth and Fourteenth Amendment claims." (*Id.* at 24.)

The Court disagrees with the Magistrate Judge's analysis regarding Defendant's Motion for Summary Judgment. Federal Rule of Civil Procedure 56 governs motions for summary judgment and provides, in relevant part, that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3). "As a general rule, when one party files a motion for summary judgment, the non-movant cannot merely

3

rely on matters pleaded in the complaint, but must, by factual affidavit or the like, respond to the motion." *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (citations omitted); *cf.* Fed. R. Civ. P. 56(c)(1)(A) (providing that parties may support or oppose a motion for summary judgment by "citing to particular parts of materials in the record, including . . . affidavits or declarations"). "However, a *verified* complaint is the equivalent of an opposing affidavit for summary judgment purposes, when the allegations contained therein are based on personal knowledge."[2] *Griffin*, 952 F.2d at 823 (citing *Davis v. Zahradnick*, 600 F.2d 458, 459–60 (4th Cir. 1979)); *see, e.g.*, *Roberts v. Cty. Comm'rs of Cecil Cty.*, 46 F.3d 1126, at *2 (4th Cir. 1995) ("[A] plaintiff can rely on his pleadings to the extent that they are verified." (citing *Davis*, 600 F.2d at 460)); *Mills v. Ghee*, Civil Action No. DKC 06–2313, 2012 WL 1454471, at *3 (D. Md. Apr. 23, 2012) ("In this circuit, '[a] prisoner proceeding pro se in an action filed under § 1983 may rely on the detailed factual allegations in his verified pleadings to withstand a motion for summary judgment supported by affidavits containing a conflicting version of the facts.'" (quoting *DePaola v. Taylor*, Civil Action No. 7:10cv000398, 2011 WL 2445859, at *5 (W.D. Va. June 15, 2011))); *cf.* Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."). *See generally Neal v. Kelly*, 963 F.2d 453, 457 (D.C.C. 1992) ("Every circuit that has faced this issue has treated verified complaints as acceptable opposition to a motion under Rule 56 for summary judgment.").

---

[2] "It is [also] well settled that [courts] may not, at summary judgment, discount viable, material evidence on the ground that it was offered by a plaintiff with a troubled past." *Mann v. Failey*, 578 F. App'x 267, 272 n.2 (4th Cir. 2014) (citing *Williams v. Staples, Inc.*, 372 F.3d 662, 667 (4th Cir. 2004)). "[T]his rule is acutely necessary in cases with pro se prisoner plaintiffs, where events take place with only prison guards present, and an inmate has little control of his situation and movement, and few means of establishing facts, other than recounting evidence himself." *Id.* (citation omitted).

In 28 U.S.C. § 1746, Congress provided a statutory substitute for the taking of an oath to verify certain documents. *E.g.*, *Neal*, 963 F.2d at 457; *see, e.g.*, *May v. Vanlandingham*, No. 5:06–CT–3124–D, 2008 WL 2278501, at *2 (E.D.N.C. June 3, 2008) ("Under federal law, unsworn declarations made under penalty of perjury are generally equivalent to statements made under oath." (citing 28 U.S.C. § 1746)). Section 1746 provides the following, in relevant part:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same . . . , such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
>
> . . .
>
> (2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).["]

As such, pursuant to Section 1746, a plaintiff may verify their complaint by "declaring 'under penalty of perjury . . . that the foregoing is true and correct,' and dating [their] signature." *Neal*, 963 F.2d at 457.

In this case, the operative Complaint consists of three documents: (1) a form complaint, (ECF No. 6); (2) a "Supplemental Complain[t]," (ECF No. 22); and (3) a "Motion for Leave to File an Amended Complaint" (the "Motion for Leave"), which includes additional factual allegations, (ECF No. 25). (*See* ECF No. 29 at 5 (providing Magistrate Judge Tinsley's order in which he states that "the court will collectively treat ECF Nos. 6, 22 and 25 as [Plaintiff's] 'Amended Complaint'").) The Motion for Leave does not include the requisite verification by

5

Plaintiff. (*See* ECF No. 25.) It is therefore not an affidavit for purposes of a summary judgment inquiry. *See, e.g.*, *Neal*, 963 F.2d at 457.

The form complaint and "Supplemental Complain[t]," on the other hand, both include (1) allegations purportedly based on Plaintiff's personal knowledge, (*see* ECF No. 6 at 4–5, 8–13; ECF No. 22 at 1–7); (2) statements in which Plaintiff declares or certifies "under penalty of perjury that the foregoing is true and correct," (ECF No. 6 at 7; ECF No. 22 at 8); and (3) the execution date and Plaintiff's signature accompanying these statements, (ECF No. 6 at 7; ECF No. 22 at 8). These two documents satisfy the verification requirements of 28 U.S.C. § 1746(2) and, as such, serve as affidavits for purposes of a summary judgment analysis. *See, e.g.*, *Griffin*, 952 F.2d at 823 (citation omitted). Additionally, these documents provide myriad allegations that are relevant in this analysis. (*See* ECF No. 6; ECF No. 22.)

Magistrate Judge Tinsley recommends in the August 14, 2015 PF&R that the Court grant Defendant's Motion for Summary Judgment on the basis that Plaintiff provided only "bare allegations" in support of his claims. (*See* ECF No. 67 at 23–24.) However, the August 14, 2015 PF&R does not include a discussion of the import of Plaintiff's allegations in the form complaint and "Supplemental Complain[t]" in the summary judgment analysis. (*See id.* at 13–24.) The Court finds that it is appropriate to re-refer this matter to Magistrate Judge Tinsley for further proposed findings and recommendations considering whether summary judgment is warranted in light of Plaintiff's allegations in his verified complaint documents.

For the foregoing reasons, the Court **ADOPTS** the August 14, 2015 PF&R, (ECF No. 67), to the extent it is consistent with this Memorandum Opinion and Order, and **DENIES** the Motion to Dismiss, (ECF No. 59). The Court **DECLINES TO ADOPT** the August 14, 2015 PF&R, (ECF

6

No. 67), insofar as it recommends that the Court grant Defendant's Motion for Summary Judgment, (ECF No. 62). The Court **RE-REFERS** this case to Magistrate Judge Tinsley for further proposed findings and recommendations for disposition in accordance with this Memorandum Opinion and Order.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:    September 16, 2015

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE