IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**ROBERT C. HUMPLE,**

       **Plaintiff,**

v.                                                  **Case No. 2:13-cv-14618**

**JEFFREY HILEWITZ,**

       **Defendant.**

**PROPOSED FINDINGS AND RECOMMENDATION**

This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for initial proceedings and submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  Pending before the court is the defendant's Motion for Summary Judgment (ECF No. 62).  For the reasons stated herein, it is respectfully **RECOMMENDED** that the defendant's Motion for Summary Judgment (ECF No. 62) be **DENIED**.

**RELEVANT PROCEDURAL HISTORY**

The remaining claims against defendant Hilewitz consist of an Eighth Amendment claim alleging use of excessive force, a First Amendment retaliation claim, and a Fourteenth Amendment equal protection claim (both of which are based upon Hilewitz's alleged comments about the plaintiff's religious affiliation).  All of these claims arise out

of the following factual allegations contained in the plaintiff's verified form Complaint (ECF No. 6)[1]:

The plaintiff claims that, on March 11, 2013, he was assaulted by defendant Hilewitz while he was restrained in a restraint chair.[2] The plaintiff alleges that, after all other staff had left the room, and there was no longer a handheld surveillance camera running, defendant Hilewitz made discriminating comments about the plaintiff's Hare Krishna religion (specifically, "this is what you retarddit [sic; retarded] Hare Krishnas get") and then Hilewitz allegedly struck/punched the plaintiff twice in the face and once in the back of the head. (*Id.* at 8). The plaintiff further alleges that he suffered a "busted mouth and a busted nose." (*Id.*) The plaintiff further alleges that he yelled for help and Captain Williams approached and witnessed the plaintiff's face "busted open" and ordered that pictures be taken of the plaintiff's face, which the plaintiff claims was "bloody." (*Id.* at 9).

As noted in Judge Johnston's Memorandum Opinion and Order entered on September 16, 2015 (ECF No. 69 at 4), "a *verified* complaint is the equivalent of an opposing affidavit for summary judgment purposes, when the allegations contained therein are based on personal knowledge." *Williams v. Griffin*, 925 F.2d 820, 823 (4th Cir. 1991) (citing *Davis v. Zahradnick*, 600 F.2d 458, 459-60 (4th Cir. 1979)). Based upon

---

[1] Although the undersigned granted the plaintiff's Second Motion for Leave to File an Amended Complaint (ECF No. 25) and collectively treated the documents contained in ECF Nos. 6, 22 and 25 as the "Amended Complaint," the allegations against defendant Hilewitz are contained only in ECF No. 6. Thus, the undersigned will only refer to ECF No. 6 from this point forward. ECF No. 6 was signed by the plaintiff under penalty of perjury. As noted in Judge Johnston's September 16, 2015 Memorandum Opinion and Order (ECF No. 69 at 5), 28 U.S.C. § 1746 provides that unsworn declarations made under penalty of perjury are generally equivalent to statements made under oath and, thus, a complaint which is executed under penalty of perjury may be considered verified. *See Neal v. Kelly*, 963 F.2d 453, 457 (D.C. Cir. 1992).

[2] The undersigned notes that the plaintiff's allegations do not challenge his placement in the restraint chair or the conduct of any other MOCC staff involved in his placement therein.

this authority, Judge Johnston re-referred this matter to the undersigned for additional consideration of the defendant's Motion for Summary Judgment (ECF No. 62). Neither party has filed any additional briefing or other support concerning their positions.

On April 1, 2015, defense counsel filed a Motion for Summary Judgment (ECF No. 62) and Memorandum of Law in support thereof (ECF No. 63), in accordance with the undersigned's October 21, 2014 Order and Notice. The Motion for Summary Judgement and Memorandum asserts that the plaintiff has failed to demonstrate a genuine issue of material fact concerning any violation of his federal constitutional rights by defendant Hilewitz and, thus, Hilewitz is entitled to qualified immunity and judgment as a matter of law on all of the plaintiff's claims against him. The Memorandum then summarily addresses the legal standards applicable to the plaintiff's claims and argues that the plaintiff has not met his burden of proving each violation and that there is no genuine issue of material fact necessitating a trial on these claims.

The defendant's Memorandum of Law first sets forth the standards for a section 1983 claim as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities, secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983. The Memorandum then addresses the following standard applicable to an Eighth Amendment excessive force claim:

3

> When a prison security measure is undertaken to resolve a disturbance, such as occurred in this case, that indisputably poses significant risks to the safety of inmates and prison staff, we think the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.

*Whitley v. Albers*, 475 U.S. 312, 320-21, 106 S. Ct. 1078, 89 L. Ed.2d 251 (1986) (internal citations omitted by defendant). (ECF No. 63 at 15). This is the correct standard to apply to determine whether a particular use of force was reasonable under the circumstances.

To sustain an Eighth Amendment claim, a prisoner must show two things: (1) "the deprivation must be, objectively, 'sufficiently serious;'" that is, "denial of 'the minimal civilized measure of life's necessities;'" and (2) the prison official had a "'sufficiently culpable state of mind;'" that is, "'deliberate indifference' to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (Citations omitted.) The negligent failure to protect inmates from violence will not suffice. *Pressly*, 816 F.2d at 979.]

In *Hudson v. McMillan*, 503 U.S. 1 (1992), a case in which the plaintiff alleged that he was punched in the mouth, eyes, chest and stomach by one correctional officer, while another correctional officer held him and punched him from behind, the Supreme Court held that use of excessive physical force against an inmate may constitute cruel and unusual punishment under the Eighth Amendment even when the inmate does not suffer serious injury. The Court held "that whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is that set out in *Whitley* [*v. Albers*, 475 U.S. 312 (1986)]: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." 503 U.S. at 6. The majority opinion noted that "[t]he

4

objective component of an Eighth Amendment claim is therefore contextual and responsive to 'contemporary standards of decency.'" *Id.* at 8. [Citation omitted.]

> In the excessive force context, society's expectations are different. When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. [Citation omitted.] This is true whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury. Such a result would have been as unacceptable to the drafters of the Eighth Amendment as it is today. * * *
>
> That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action. [Citation omitted.] The Eighth Amendment's prohibition of "cruel and unusual" punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort "repugnant to the conscience of mankind." [Citations omitted.]

*Id.*, at 9-10. Near the conclusion of the *Hudson* opinion, Justice O'Connor wrote: "To deny, as the dissent does, the difference between <u>punching a prisoner in the face</u> and serving him unappetizing food is to ignore the 'concepts of dignity, civilized standards, humanity and decency' that animate the Eighth Amendment." *Id.*, at 11 (emphasis added).

Concerning the plaintiff's First Amendment retaliation claim, the defendant's Memorandum of Law reiterates the standard set forth in Judge Johnston's September 16, 2014 Memorandum Opinion and Order (ECF No. 54 at 3), finding that "the plaintiff must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." *Muwwakkil v. Johnson*, No. 7:09CV00318, 2010 WL 3585983, at 12 (W.D. Va. Sept. 13, 2010), *aff'd*, 407 F. App'x 685 (4th Cir. 2011); *see also Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). (ECF No. 63 at 15). While the defendant's Memorandum of Law does not specifically address any standard applicable to the plaintiff's equal protection claim, Judge Johnston's

5

September 16, 2014 Memorandum Opinion and Order (ECF No. 54 at 3) found that the plaintiff must demonstrate that "he was treated differently than other 'similarly situated' inmates, and that such 'unequal' treatment resulted from intentional or purposeful discrimination." *See Godbey v. Wilson*, 1:12CV1301, 2014 WL 795274 (E. D. Va, Feb. 26, 2014) (citing *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001) (addressing a Fifth Amendment equal protection claim brought by a federal prisoner).[3] The undersigned proposes that the presiding District Judge **FIND** that these standards were clearly established at the time of the alleged incident involving the plaintiff.

Concerning all of these claims, the defendant's Memorandum of Law further states:

> Here, the evidence is clear that Plaintiff is unable to meet his burden of proving a violation of his constitutional rights.* * *
>
> The evidence, however, is that Plaintiff was placed in the mechanical restraint chair after Captain Williams attempted to calm Plaintiff's outrageous and agitated behavior that led to his kicking his cell door, flooding his floor, and making threats. Although Plaintiff claims that he was assaulted by Defendant Hilewitz, Nurse Joyce Coleman examined Plaintiff after his placement in the chair and found no injuries requiring medical treatment. Obviously, if Defendant Hilewitz had assaulted Plaintiff and Plaintiff had suffered a "busted" face as alleged, than [sic; then] Plaintiff would have sustained an injury requiring medical treatment. Quite simply, the evidence shows that Plaintiff's allegations never occurred. Without more, the mere conclusory assertions that Defendant Hilewitz engaged in the alleged conduct, Plaintiff's claim must fails as a matter of law.

(ECF No. 63 at 16).

The defendant's Memorandum of Law further asserts that Hilewitz is entitled to qualified immunity on the plaintiff's claims against him. (ECF No. 63 at 13-14). Government officials are not liable for monetary damages if they can show that their

---

[3] The undersigned notes, however, that because the plaintiff was a state prisoner at the time of this incident, his equal protection claim arises under the Fourteenth Amendment.

conduct did not violate clearly-established statutory or constitutional rights of which a reasonable person would have known. *See Wilson v. Layne*, 526 U.S. 603, 609 (1999). Qualified immunity exists to protect officers in the performance of their duties unless they are "plainly incompetent" or they "knowingly violate the law." *Doe v. Broderick*, 225 F.3d 440, 446 (4th Cir. 2000).

In ruling on an issue of qualified immunity, a court must consider this threshold question: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Saucier v. Katz*, 533 U.S. 194, 201 (2001). If the allegations do not give rise to a constitutional violation, no further inquiry is necessary. *Id.* If, on the other hand, a violation can be shown, then the court must determine whether the right was clearly established in the specific context of the case. *Id.* In *Pearson v. Callahan*, 555 U.S. 223 (2009), the Supreme Court held that courts may decide to address whether the right is clearly established first. The *Pearson* Court noted that the doctrine of qualified immunity "balances two important interests – the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." 555 U.S. at 230. Here, the defendant asserts that he is entitled to qualified immunity because the plaintiff has failed to proffer sufficient evidence to demonstrate the violation of any clearly-established constitutional right.

The plaintiff's Response to the Motion for Summary Judgment contends that Exhibits 3 and 5 attached to the defendant's Motion for Summary Judgment demonstrate that the plaintiff sustained injuries to his nose and mouth, requiring medication for pain, which, the plaintiff further contends, creates a genuine issue of material fact as to whether

7

the assault by defendant Hilewitz occurred as alleged, and precludes summary judgment for the defendant. (ECF No. 64 at 1; ECF No. 62, Exs. 3 and 5).

Exhibit 3 attached to the defendant's Motion for Summary Judgment is a Memorandum drafted by Shift Commander, Lt. James Jones, to Chief Correctional Officer, Major Robert Rhodes, on March 12, 2013 (the date of the subject incident). After describing the volatile circumstances on the plaintiff's unit, and the plaintiff's behavior that led to his placement in the restraint chair, the memorandum states, in pertinent part, as follows:

> His restraints were checked and he was assessed by LPN Joyce Coleman. Inmate Humple continued to make threats and display verbal noncompliance and exposing bodily fluids by spitting blood on the wall for approximately two and a half hours. Inmate Humple['s] demeanor continued to improve and he was released from the restraint chair at approximately 0118 hours and secured back in his cell. Inmate Humple complained that he had been struck in the nose by Sgt. Jeff Hilewitz. He was checked by LPN Joyce Coleman and given medication for his complaint of pain . . . . The highest level of force used on Inmate Humple was intermediate control tactic soft.

(ECF No. 62, Ex. 3). Exhibit 5 attached to the Motion for Summary Judgment is an Incident Report dated March 12, 2013, which was completed by Joyce Coleman, a Licensed Practical Nurse, who examined the plaintiff on the date of this incident. The Incident Report states:

> On this day, Tuesday, 12 March 2013, at approximately 2001 hours, I, Joyce Coleman, Licensed Practical Nurse, responded to a call from Quilliams Two Multipurpose Room, Dental Area, to assess Inmate Humple, Robert DOC # 43802, who had been placed in the restraint chair. All restraints were patent with proper finger space between restraint and Inmate Humple. Inmate Humple complained of pain to his nose and lower lip. Both areas were assessed and no medical treatment was required at that time. Inmate Humple was medicated for his complaint of pain per nursing protocol. End of report.

(ECF No. 62, Ex. 5). The plaintiff maintains that the fact that he was spitting blood and was given medication for pain supports a finding that this assault actually occurred and

establishes genuine issues of material fact concerning his constitutional claims. (ECF No. 64).

The defendant's Reply reiterates that the plaintiff must provide affirmative evidence that the alleged wrongful conduct of defendant Hilewitz actually occurred before a finder of fact may determine if the conduct violated the plaintiff's clearly-established constitutional rights. (ECF No. 65 at 4). The Reply further states:

> If anything, Exhibits 3 and 5 show that Plaintiff's allegations were not substantiated. Specifically, Exhibit 3 merely shows a recognition by Mt. Olive management that Plaintiff <u>alleged or complained</u> just as he has done in this lawsuit, that Defendant Hilewitz struck Plaintiff. Likewise, Exhibit 5 shows that nurse Coleman did not find evidence that Plaintiff had been stricken by Defendant Hilewitz as nowhere in Coleman's report does it state Coleman observed or treated Plaintiff for any physical injuries. Coleman simply stated that she gave Plaintiff medication for Plaintiff's "<u>complaint of pain</u>." Assuredly, if Plaintiff was punched by Defendant in the face twice and in the back of the head once resulting in a "busted" mouth or busted nose, nurse Coleman would have observed those injuries and treated him for such. Thus, Plaintiff strains any reasonable interpretation of Exhibits 3 and 5 and accordingly fails to point to or proffer on his own, sufficient evidence upon which a reasonable jury could find in his favor.

(ECF No. 65 at 5-6).

In evaluating summary judgment motions, Rule 56(a) of the Federal Rules of Civil Procedure provides:

> A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Fed. R. Civ. P. 56(a) (2010). Material facts are those necessary to establish the elements of a party's cause of action. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

A genuine issue of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a

9

reasonable fact-finder could return a verdict for the non-movant. *Id.* The moving party has the burden of establishing that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Even if there is no dispute as to the evidentiary facts, summary judgment is also not appropriate where the ultimate factual conclusions to be drawn are in dispute. *Overstreet v. Kentucky Cent. Life Ins. Co.*, 950 F.2d 931, 937 (4th Cir. 1991).

> Rule 56(c)(1) of the Federal Rules of Civil Procedure provides that:
>
> A party asserting that a fact cannot be or is genuinely disputed, must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Subsection (e) of Rule 56 provides that, if a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact, the court may: (1) give the parties an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and undisputed supporting materials show that the movant is entitled to it; or (4) issue any other appropriate order. Fed. R. Civ. P. 56(e).

A court must not resolve disputed facts, weigh the evidence, or make determinations of credibility. *See Sosebee v. Murphy*, 797 F.2d 179, 182 (4th Cir. 1986); *Russell v. Microdyne Corp.*, 65 F.3d 1229, 1239 (4th Cir. 1995). Rather, the party opposing the motion is entitled to have his or her version of the facts accepted as true and, moreover, to have all internal conflicts resolved in his or her favor. *Charbonnages de*

10

*France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979). Inferences that are "drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). However, the party opposing the motion may not rely upon mere allegations or denials of the pleadings, but must set forth specific facts showing that there is a genuine issue for trial. *Sprenkle v. Hartford Life Ins. Co.*, 84 F. Supp. 2d 751 (N.D. W. Va. 2000).

The undersigned proposes that the presiding District Judge **FIND** that the plaintiff's allegations in his verified complaint and the evidence derived from Exhibits 3 and 5 to the defendant's Motion for Summary Judgment, taken in the light most favorable to the plaintiff, give rise to a reasonable inference that defendant Hilewitz engaged in the conduct as alleged by the plaintiff and a reasonable fact finder could determine that such conduct violated the plaintiff's First, Eighth and Fourteenth Amendment rights. At the very least, such evidence creates a genuine issue of material fact as each of the plaintiff's claims. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that there are genuine issues of material fact concerning whether defendant Hilewitz violated the plaintiff's clearly-established rights under the First, Eighth and Fourteenth Amendments. Thus, the undersigned further proposes that the presiding District Judge **FIND** that defendant Hilewitz is not entitled to qualified immunity and judgment as a matter of law on those claims.

## RECOMMENDATION

Based upon the proposed findings contained herein, it is respectfully **RECOMMENDED** that the defendant's Motion for Summary Judgment (ECF No. 62) be **DENIED**.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to the opposing parties and Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

January 29, 2016

Dwane L. Tinsley
United States Magistrate Judge