**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

ROBERT C. HUMPLE,

               Plaintiff,

v.                                 CIVIL ACTION NO.  2:13-cv-14618

JEFFERY HILEWITZ,

               Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Jeffery Hilewitz's Motion for Summary Judgment (ECF No. 62), in which he seeks judgment as a matter of law on the First, Eighth, and Fourteenth Amendment claims alleged in Plaintiff Robert C. Humple's *pro se* § 1983 Complaint.   By Standing Order filed in this case on June 24, 2013, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and recommendations for disposition ("PF&R"). (ECF No. 2.)   Magistrate Judge Tinsley filed an initial PF&R on August 14, 2015, in which he recommended that the Court grant Defendant's Motion for Summary Judgment.   (ECF No. 67 at 24.)   By Memorandum Opinion and Order entered September 16, 2015, this Court declined to adopt the PF&R and re-referred the matter to Magistrate Judge Tinsley for consideration of whether summary judgment was warranted in light of the allegations set forth in Plaintiff's verified Complaint.   (ECF No. 69.)

On January 29, 2016, Magistrate Judge Tinsley entered a PF&R recommending the Court deny Defendant's Motion for Summary Judgment because Plaintiff's verified allegations give rise to a reasonable inference that Defendant violated his First, Eighth, and Fourteenth Amendment rights.   The Magistrate Judge further proposed a finding that because genuine issues of material fact remain as to whether Plaintiff's clearly-established constitutional rights were violated as alleged, Defendant is not entitled to qualified immunity.   Defendant filed timely objections to this latest PF&R (ECF No. 72), to which Plaintiff has filed several responses (ECF Nos. 71, 73–75). In his objections, Defendant argues principally that even if the factual allegations in Plaintiff's verified documents are accepted as true, he fails to offer more than a "scintilla of evidence" in support of his constitutional claims and that Defendant is thus entitled to judgment as a matter of law.   Defendant does not contest the Magistrate Judge's recommendation regarding the unavailability of the qualified immunity defense.

The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of de novo review and a party's right to appeal this Court's order.   28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

2

## I.    SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment. That rule provides, in relevant part, that summary judgment should be granted if "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56.   Summary judgment is inappropriate, however, if there exist factual issues that reasonably may be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986).   "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party."   *The News & Observer Publ. Co. v. Raleigh–Durham Airport Auth.,* 597 F.3d 570, 576 (4th Cir. 2010).   When construing such factual issues, the Court must view the evidence "in the light most favorable to the [party opposing summary judgment]." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

The moving party may meet its burden of showing that no genuine issue of fact exists by use of "depositions, answers to interrogatories, answers to requests for admission, and various documents submitted under request for production."   *Barwick v. Celotex Corp.*, 736 F.2d 946, 958 (4th Cir. 1984). Once the moving party has met its burden, the burden shifts to the nonmoving party to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."   *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).   If a party fails to make a sufficient showing on one element of that party's case, the failure of proof "necessarily renders all other facts immaterial."   *Id.* at 323.

"[A] party opposing a properly supported motion for summary judgment may not rest upon mere allegation [sic] or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial."   *Liberty Lobby*, 477 U.S. at 256.   "[A] *verified* complaint is the

equivalent of an opposing affidavit for summary judgment purposes, when the allegations contained therein are based on personal knowledge." *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (citing *Davis v. Zahradnick*, 600 F.2d 458, 459–60 (4th Cir. 1979)) (emphasis in original). However, "[t]he nonmoving party cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another," *Othentec Ltd. v. Phelan*, 526 F.3d 135, 140 (4th Cir. 2008) (citation omitted), and cannot defeat summary judgment with a mere "scintilla of evidence." *Liberty Lobby*, 477 U.S. at 252. "Rather, a nonmoving party must produce some evidence (more than a 'scintilla') 'upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed.'" *Othentec Ltd.*, 526 F.3d at 140 (quoting *Liberty Lobby*, 477 U.S. at 252).

## II.   ANALYSIS

The applicable standards of law are not in dispute. Section 1983 of Title 42, United States Code provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

In order to prevail on a § 1983 claim, a plaintiff must show that the defendant deprived him of a right secured by the Constitution and laws of the United States and that the defendant acted under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999).

As to the alleged Eighth Amendment violation, in *Whitley v. Albers*, 475 U.S. 312 (1986), the Supreme Court held that "[w]here a prison security measure is undertaken to resolve a disturbance," the question of whether the measure taken inflicted unnecessary pain and suffering

4

in violation of the Eighth Amendment to the Constitution "turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" *Id.* at 320–321 (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (1973) (internal quotation marks omitted)).   To sustain an Eighth Amendment claim, a prisoner must show two things: (1) "the deprivation must be, objectively, 'sufficiently serious;' " that is, "denial of 'the minimal civilized measure of life's necessities;'" and (2) the prison official had a "'sufficiently culpable state of mind;'" that is, "'deliberate indifference' to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations omitted).

Defendant contends, and the Court agrees, that Plaintiff's success on any of his three constitutional claims is contingent on his ability to establish reliable evidence that Defendant struck him.   Defendant's primary objection to the Magistrate Judge's recommendation focuses on the lack of evidence to prove this central allegation.   Even if Plaintiff's verified allegations are accepted as facts, he reasons, the lack of any documented medical evidence of any injury forecloses any rational inference that Plaintiff was assaulted as he claims.   Though Defendant admits that affirmative evidence, apart from Plaintiff's verified claims, indicates that Plaintiff was "spitting blood on the wall," he argues that the bleeding could have only been caused by Plaintiff's own aggressive behavior that necessitated his restraint in the first place.

Defendant makes much of the fact that LPN Joyce Coleman did not identify any injuries requiring medical attention when she assessed Plaintiff's nose and lower lip shortly after he was placed in the restraint chair.   (ECF No. 62-1 at 10.)   Plaintiff need not provide supportive medical records in order to survive summary judgment on his Eighth Amendment claim, however.   In *Hudson v. McMillian*, 503 U.S. 1, 4 (1992), the Supreme Court of the United States expressly held

5

that the use of excessive physical force against a prisoner may constitute cruel and unusual punishment even when the inmate does not suffer physical injury.  Concerning the plaintiff's claim of excessive force, the Supreme Court reasoned: "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated.  This is true whether or not significant injury is evident."  *Id.* at 9.

Plaintiff's verified allegations, combined with an incident report indicating that he was spitting blood while confined in the restraint chair, create a reasonable inference that he was the victim of cruel and unusual punishment.  Plaintiff alleges that Defendant punched him multiple times in the head and face after Plaintiff had been rendered defenseless in the restraint chair.  (ECF No. 6 at 4–5.)  This allegation, if true, indicates that no use of force was necessary at that moment "to maintain or restore discipline."  *Whitley*, 475 U.S. at 321.  Furthermore, evidence that Defendant uttered a religious slur as he attacked Plaintiff supports an inference that the blows were inflicted "maliciously and sadistically" with the intent to cause harm.  *Id.*

Defendant relies on *Patterson v. Brown*, No. 2:09-1298-DCN-RSC, 2010 WL 2927479 (D.S.C. July 22, 2010), to argue that Plaintiff has failed to demonstrate more than a scintilla of evidence in support of his claims.  In *Patterson*, however, the force complained of was used against a noncompliant inmate in order to restore discipline.  *Id.* at *3.  With the evidence in this case conclusively establishing that Plaintiff had been restrained by the time Defendant allegedly dealt his blows, any attempt by Defendant to legitimize his alleged behavior as a disciplinary measure fails.  The Court also notes that Defendant has taken inconsistent positions by placing undue emphasis on Joyce Coleman's medical notes.  Though Ms. Coleman did not find any injury that required medical attention, it is undisputed that Plaintiff was spitting blood for hours while he

6

remained confined in the chair.   (*See* ECF No. 62-1 at 6–7, 10.)      Still, Defendant continues to insist that no injury actually occurred.   Because Plaintiff was bleeding from the mouth, however, it can reasonably be inferred that he sustained some injury.   The disputed fact is whether that injury occurred prior to (either by self-infliction or as part of a reasonable disciplinary measure) or after Plaintiff's restraint in the chair.   Either way, Defendant's focus on the lack of medical evidence supporting an injury conflicts with his concession that Plaintiff suffered an injury causing the bleeding.

In his objections to the PF&R, Defendant argues that even if Plaintiff's excessive force claim survives, his retaliation and equal protection claims still fail.   The Court agrees with Defendant and will sustain the objection on this point.   Plaintiff's allegations, even if accepted as fact for purposes of Defendant's summary judgment motion, do not present more than a "scintilla of evidence" on his First and Fourteenth Amendment claims.[1]

To prove a First Amendment retaliation claim under § 1983, a plaintiff "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994).   More specifically, the plaintiff must demonstrate that "(1) that the speech or conduct at issue was

---

[1] Plaintiff's initial Complaint alleged a violation of his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), premised on the same conduct raised to support his First and Fourteenth Amendment claims.   Plaintiff did not repeat the RLUIPA allegation (or his First and Fourteenth Amendment allegations, for that matter) in his amended pleadings (ECF Nos. 6, 22, and 25), Defendant does not address it in his motion for summary judgment, and the Magistrate Judge did not mention the RLUIPA claim in the latest PF&R.   It is thus unclear to the Court whether Plaintiff has abandoned his allegations under RLUIPA.   Nonetheless, to the extent the RLUIPA claim has so far survived unscathed, it is subject to summary judgment dismissal for the same reasons necessitating summary judgment on the First and Fourteenth Amendment claims.   Put simply, Plaintiff has alleged, at best, only the barest of evidence of an attempt to exercise his religious rights.   *See Lovelace v. Lee*, 472 F.3d 174, 182 (4th Cir. 2006) (noting that RLUIPA prohibits the government from imposing a "substantial burden" on prisoners' religious exercise).   As he falls far short of proving conduct protected by the RLUIPA, not to mention any "substantial burden" imposed on that conduct, summary judgment is proper.

protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Espinal v. Goord*, 558 F.3d 119, 128 (2d Cir. 2009) (quoting *Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004)). Success on a Fourteenth Amendment equal protection claim requires a plaintiff to "first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001).  If that initial showing is made, "the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny."  *Id.* (citing *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439– 40 (1985)).

Summary judgment must be granted on Plaintiff's First Amendment claim because he has failed to identify any constitutionally protected right he was exercising at the time he was allegedly struck by Defendant.   There is simply no evidence that Plaintiff had, on the date of the incident or at any previous time during the course of his incarceration, engaged in conduct protected by the First Amendment—presumably, the practice of his Hare Krishna religion.[2]  In fact, given the absence of evidence that Plaintiff practiced his religion, the only reasonable inference that can be drawn from Plaintiff's allegation that he was punched after being confined in the restraint chair is that Defendant's aggression was motivated by Plaintiff flooding his cell, kicking his cell door repeatedly, and shoving a mass of wet paper towels and toothpaste in an empty electrical socket

---

[2]  In its Memorandum Opinion and Order of September 16, 2014, the Court permitted Plaintiff's retaliation and equal protection claims to withstand Rule 12(b)(6) dismissal, acknowledging that "whether Plaintiff can prove the merits of these claims is another matter that is not decided here."  (ECF No. 54 at 3.)   The Court's prior decision was based on a generous reading of Plaintiff's pleadings.   At that stage of the case, the Court was willing to draw inferences from his *pro se* allegations that, given the more stringent summary judgment standard against which they must now be tested, no longer merit such liberality.

the day before.   Even if the Court could infer a discriminatory motive on Defendant's part based on his insult of Plaintiff's religion, Plaintiff has not identified how this incident was in any way connected to the exercise of his religious rights.   Plaintiff's Fourteenth Amendment claim fails for similar reasons.   Because Plaintiff, at best, has presented a mere scintilla of evidence demonstrating a causal connection between religious activity he has neither alleged nor proven and the adverse treatment he allegedly suffered at Defendant's hands, summary judgment is **GRANTED** on his First and Fourteenth Amendment claims.

The Court notes that Defendant Hilewitz has recently been served.   In the event summary judgment is denied, his counsel asks the Court to re-refer this case to Magistrate Judge Tinsley for evaluation of possible defenses that had not been raised previously due to the lack of service.   The Court declines to honor this request for the time being, but will set the matter for a status conference in order to assess the parties' positions as this case approaches trial.

### III.    CONCLUSION

The Court **ADOPTS** the PF&R (ECF No. 70) to the extent that it is consistent with this Opinion.   The Court **GRANTS IN PART** and **DENIES IN PART** Defendant Jeffrey Hilewitz's motion for summary judgment (ECF No. 62).   The motion is **DENIED** with regard to Plaintiff's Eighth Amendment excessive force claim; with regard to Plaintiff's First Amendment retaliation, Fourteenth Amendment equal protection, and RLUIPA claims, the motion is **GRANTED**. Defendant's objections to the PF&R (ECF No. 72) are **SUSTAINED IN PART** and **OVERRULED IN PART**.

The Court further **ORDERS** that a telephonic status conference shall be held in this case on **Thursday, April 7, 2016 at 3:00 p.m.**

9

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        March 22, 2016

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

10